In re Evelyn LITWOK, Debtor.

Evelyn Litwok, Appellant,

v.

Republic New York Securities Corporation, Appellee.

No. 00–5026.

United States Court of Appeals, Second Circuit.

Feb. 15, 2001.

Paul Aloe, New York, NY, for appellant.

H. Peter Haveles, Jr., Cadwalader, Wickersham & Taft, New York, NY, for appellee.

Present PARKER, SACK and KATZMANN, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said District Court be and it hereby is AFFIRMED.

Appellant Evelyn Litwok appeals from the March 3, 2000 decision and order of the district court affirming the January 14, 1999 order of the United States Bankruptcy Court for the Eastern District of New York (Francis G. Conrad, *Bankruptcy Judge*), which concluded pursuant to 11 U.S.C. § 523(a)(6) that Litwok's debt to appellee Republic New York Securities Corporation ("Republic") is not dischargeable in bankruptcy because it is the result of a willful and malicious injury to Republic, and affirming the bankruptcy court's June 4, 1999 order denying Litwok's motion for a new trial.

Appellant contends on appeal that the district court erred when it affirmed the bankruptcy court's decision to admit the transcript of an earlier arbitration hearing which in part dealt with the issue of appellant's attempt to commit a fraud on Republic. Appellant argues that certain tapes played at the arbitration hearing were improperly admitted in the bankruptcy proceeding.

Having thoroughly reviewed the record, we are convinced that the bankruptcy court properly admitted the transcript of the October 30, 1997 hearing before an arbitration panel. As the district court found, the bankruptcy court sustained Litwok's objections to the admission of duplicates of tapes that were played at that hearing, and only admitted transcripts of the hearing. Furthermore, aside from blanket hearsay and authentication objections made at the start of the hearing which were properly overruled by the district court, "Litwok's only objections to the receipt of [the transcript] at the non-dischargeability hearing was that no foundation had been laid for its admission and that the transcript was not a certified copy of the original...." *In re Evelyn Litwok,* 246 B.R. 1, 5 (E.D.N.Y.2000). Those objections were originally sustained, and later overruled after an appropriate foundation was laid indicating that the transcript of the hearing accurately reflected what occurred at the hearing. Litwok therefore waived any hearsay or best evidence objections. *See United States v. Hutcher,* 622 F.2d 1083, 1087 (2d Cir.1980); Fed.R.Evid. 103(a).

Moreover, after reviewing the transcript of the January 14, 1999 non-dischargeability hearing, we are convinced that the bankruptcy court did not unduly rely on the transcript, in light of the fact that the court also relied on properly admitted evidence in addition to the transcript.

For these reasons, and for substantially the same reasons as set forth in the district court's decision and order, we affirm. *See In re Evelyn Litwok,* 246 B.R. 1, 5 (E.D.N.Y.2000).

For the reasons set forth above, the judgment of the district court is AFFIRMED.